**IN THE SUPERIOR COURT OF GUAM**

MAEDA PACIFIC CORPORATION, )
)
Plaintiff, )
)
vs. )
)
GOVERNMENT OF GUAM and GUAM )
HOUSING CORPORATION, )
)
Defendants. )
_____)

**CIVIL CASE NO. CV0135-04**

**DECISION AND ORDER**

## INTRODUCTION

This matter came before the Honorable Judge Michael J. Bordallo on September 28, 2011 by reassignment. The Plaintiff filed a motion to approve settlement and the parties stipulated to submit the matter on the briefs and without oral argument on July 13, 2011. Attorney Lawrence J. Teker represented the Plaintiff, Assistant Attorney General Philip D. Issac appeared on behalf of Defendant Government of Guam, and Attorney Cynthia V. Ecube represented Defendant Guam Housing Corporation. Having considered the parties' briefs and the applicable law, the Court now issues the following Decision and Order granting Plaintiff's motion to approve settlement.

## BACKGROUND

In this public contract matter, Plaintiff Maeda Pacific Corporation ("Maeda") seeks payment for infrastructure construction of the Lada Estates public housing project against Defendants Government of Guam ("Government") and Guam Housing Corporation ("GHC"), an autonomous agency of the Government.

In 1991, the Guam Legislature passed an act to develop and sell the Lada Estates as affordable housing. *See* Guam Pub. L. No. 20-225. Pursuant to the act, the Governor transferred approximately forty-six (46) acres of government land to the GHC by grant deed on June 24, 1991. *Id.* at 2 *see also* (Plaintiff's Reply Memorandum, Exhibit "1", Jul. 28, 2011.)

Maeda won the public bid to construct the Lada Estates' infrastructure and signed a contract with the Defendants in August of 1997. (Declaration of Jose P. Morcilla Jr., "Exhibit 2", Mar. 5, 2004.) Maeda completed construction of the Lada Estates infrastructure pursuant to the contract and obtained a certificate of substantial completion from the Department of Public Works on July 24, 1998. *Id.* at "Exhibit 5". Thereafter, GHC could not find a contractor to build the Lada Estates homes despite legislative attempts to revive the project. *See e.g.* Public Law Nos. 24-81:14 and 25-116:5. The Lada Estates project was not finished and Maeda was not paid for its performance of the infrastructure contract.

Maeda filed a government claim in 2002 and the present civil action in 2004. On March 8, 2011, the Court granted summary judgment of Maeda's claims against the Government for the costs of off-site infrastructure construction. (Decision and Order, Mar. 8, 2011.) On March 21, 2011, Maeda and GHC filed the present motion to settle Maeda's remaining claim against GHC for the costs of on-site infrastructure construction, alleged to be more than seven (7) million dollars. The settlement proposes for GHC to convey the Lada Estates property to Maeda via grant deed with a condition that Maeda build and sell affordable housing units within six (6) years and pursuant to Public Law Nos. 20-225, 24-81, 25-116 and 30-390 under the penalty of reverter to GHC. (Motion to Approve Settlement, Exhibit 1, Oct. 11, 2010.) The agreement was executed with the understanding that it shall be submitted to the Superior Court for approval and for dismissal with prejudice of the claim against GHC with the parties to bear their own costs and fees. *Id.*

On July 20, 2011, the Government filed an opposition to the motion to approve settlement for the following reasons: 1) the Court has no jurisdiction to approve this government land transfer without legislative approval; and 2) the settlement is in violation of procurement law insofar as it effectively awards the home construction contract to Maeda.

## DISCUSSION

### I. Standing

Standing is a threshold jurisdictional matter that must be addressed before the merits of a dispute. *Guam Imaging Consultants, Inc. v. Guam Mem'l Hosp. Auth.*, 2004 Guam 15, ¶¶ 17,

19. Although Guam law does not address the issue of standing to object to a settlement, "the view of other courts is that a non-settling defendant, in general, lacks standing to object to a partial settlement." *Waller v. Financial Corp. of America*, 828 F.2d 579, 582 (9th Cir. 1987) (citing *In re Viatron Computer Systems Corp. Litigation*, 614 F.2d 11, 14 (1st Cir. 1980); *In re Beef Industry*, 607 F.2d 167, 172 (5th Cir. 1979)). This rule encourages the voluntary settlement of lawsuits. *Id.* at 583.

In this case, Maeda built the Lada Estates infrastructure and filed claims against the Government and GHC for payment. The claim against the Government for the off-site costs was successful on summary judgment, and Maeda now seeks to settle its claim against GHC for the on-site costs. The Government is a non-settling defendant who generally lacks standing to object to the partial settlement between Maeda and GHC pursuant to the reasoning of the Federal Circuit Courts of Appeal.

However, an exception is made to allow a non-settling defendant to object, "where it can demonstrate that it will sustain some formal legal prejudice as a result of the settlement." *Waller*, 828 F.2d at 583 (citing *Quad/Graphics Inc. v. Fass*, 724 F.2d 1230, 1233 (7th Cir. 1983)). Under this exception, a party suffers plain legal prejudice and has standing to object to any settlement that strips it of a legal claim or infringes upon a contractual right. *Id. See also Agretti v. ANR Freight System, Inc.*, 982 F.2d 242, 247 (7th Cir. 1992). For example, Guam law provides that a joint-tortfeasor may be prevented from entering a settlement agreement which bars claims of contribution by non-settling parties. *See* 7 GCA §§ 24605 and 24606. A party does not suffer plain legal prejudice and does not have standing to object to a settlement which causes factual prejudice, such as the prospect of a second lawsuit. *Quad/Graphics*, 724 F.2d at 1233.

In this case, the Government opposes Maeda and GHC's settlement based upon assertions that Legislative approval or procurement procedures are necessary. The Government does not allege that it suffers any legal prejudice by the settlement, and the settlement does not strip the Government of a cause of action or infringe upon a contractual right of the Government in this matter. The Government may suffer the prospect of a second lawsuit or proceeding

against the performance of the settlement, but this factual prejudice does not confer standing to object to a settlement agreement. *See Quad/Graphics*, 724 F.2d at 1233. The Government does not suffer plain legal prejudice and it does not have standing to object to the settlement as a non-settling party. For this reason, the Court shall not consider the objections of the Government.

## II. Judicial Approval of Settlement

Guam law does not exact a standard for settlement approval, and a court should not ordinarily become involved in the settlement of a civil dispute between private parties. *See U.S. v. City of Miami, Fla.*, 614 F.2d 1322, 1330 (8th Cir. 1980). Indeed, the Guam Housing Corporation has the power, "to settle and adjust claims held...by other persons or parties against [it]," without judicial approval. 12 GCA § 4104(k). However, where important public interests are involved, judicial review may be appropriate. *See e.g. City of Miami*, 614 F.2d at 1330 (citing examples in federal law where judicial approval of settlement is required).

In this case, Maeda and GHC move the Court to review and approve their settlement agreement. Assuming *arguendo* that the settlement between Maeda and GHC, as an autonomous agency of the Government, involves important public interests, the Court shall address the merits of the motion for approval.

Where a court is required to approve a settlement agreement, it must generally determine whether the agreement is adequate, fair, reasonable or equitable. *See City of Miami*, 614 F.2d at 1330-1331. The judicial review of a settlement agreement is an exceptional situation, and "trial judges have been told that absent fraud, collusion, or the like they should be hesitant to substitute their judgment for that of experienced counsel." *Id. citing Cotton v. Hinton*, 559 F.2d 1326 (5th Cir. 1977).

The parties do not raise allegations of fraud or collusion in this case, and the Court is inclined to rely upon the allegations of experienced counsel that the agreement is adequate and in the public interest. Viewing the proposed settlement agreement as a whole, it appears to provide an adequate, fair and reasonable compromise. The settlement gives Maeda the Lada Estates to develop and sell, releases GHC from its liability for the costs of on-site infrastructure, and attempts to provide affordable housing pursuant to public law and within six (6) years under

penalty of reverter. The agreement is the result of an arms-length negotiation between competent and experienced counsels, and it aims to resolve the underlying problem by completing the Lada Estates affordable housing project. For all of these reasons, the motion to approve settlement agreement shall be granted.

It is noteworthy that these proceedings have called attention to the possible problems that GHC may encounter in the performance of the settlement agreement. The Government alleges that GHC cannot convey the Lada Estates property to Maeda without legislative or procurement approval. The Government does not allege that such approval cannot be obtained, and the Court does not find that the settlement agreement is impossible to perform. However, Maeda and GHC have been notified of the quality of their bargain and of the quality of the land title conveyance which they intend to make.

///

///

///

## CONCLUSION

Based upon the foregoing, Plaintiff Maeda Pacific Corporation's Motion to Approve Settlement is hereby GRANTED.

**SO ORDERED this _6_ day of January, 2012.**

Original Signed By:
HON. MICHAEL J. BORDALLO

_____
**HONORABLE MICHAEL J. BORDALLO**
**Judge, Superior Court of Guam**

I do hereby certify that the foregoing is a full, true and correct copy of the original on file in the office of the Clerk of the Superior Court of Guam Dated at Hagatna, Guam

JAN 06 2012

